# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

September 26, 2022

**Via ECF**
Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **Plaintiffs' Letter Motion for Court Approval of Settlement Agreement**
              *Geng v. Shu Han Ju Restaurant II Corp*, No. 18-cv-12220 (RWL) (S.D.N.Y.)

Your Honor,

    We represent the Plaintiffs in the above-referenced matter. We write respectfully to request a decision and order that the Parties' settlement of this matter is fair and reasonable. Defendants take no position on this application.

## I.    Background

    Plaintiffs Lijun Geng, Hai Jun Cao, Qifang Chen, Xiangui Liang, Zhou Liao, Hongying Tang, Xiaoping Jiang, Antoh Djohan, Victor Hadikusomo, Qiang Wang, Bin Dong, Liang Cheng, Jian Luo, Yifa Zheng, Yan Xiong Chen, and Fanyi Meng (hereinafter collectively "Plaintiffs") allege they were employed by, among others, Shu Han Ju Restaurant, LLC d/b/a Shu Han Ju, Tai Hung Chiu a/k/a Daniel Chiu, and John Hwang (hereinafter collectively "Settling Defendants").

    Plaintiff Lijun Geng commenced this lawsuit against Settling Defendants, among others, on December 26, 2018. The remaining Plaintiffs joined this lawsuit between April 29, 2019 and December 2, 2020. Plaintiffs alleged that Settling Defendants violated the Fair Labor Standards Act (hereinafter the "FLSA") and/or the New York Labor Law (hereinafter the "NYLL") during their alleged employments, and sought to recover compensatory damages for nonpayment of minimum wage, overtime, or spread of hours pay; liquidated damages; statutory damages for non-furnishing of wage notices or wage statements; prejudgment interest; postjudgment interest; attorneys' fees; and litigation expenses. Settling Defendants denied all of Plaintiffs allegations, and any liability.

## II.    Standards

    "[T]he Second Circuit [has] held that a district court presented with a[n] FLSA settlement for review engages in a two-part inquiry: (1) it reviews the settlement agreement for fairness, typically based on the factors set forth in *Wolinsky* [*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335

(S.D.N.Y. 2012)]; and (2) if attorneys' fees and costs are provided for in the settlement, it "also evaluate[s] the reasonableness of the fees and costs." *Mercado v. Emunah Mgmt. Corp.*, No. 21-cv-03914 (LJL), 2021 U.S. Dist. LEXIS 248900, at *2 (S.D.N.Y. Dec. 27, 2021) (quoting *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)).

The *Wolinsky* factors, which are not exhaustive, are: "(1) the plaintiff[']s range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (citation and internal quotation marks omitted).

In "'evaluat[ing] the reasonableness of the requested attorneys' fees and costs…' the Court will look to the lodestar and other factors: '[t]he most critical [of which] in determining the reasonableness of a fee award is the degree of success obtained.'" *Mercado*, 2021 U.S. Dist. LEXIS 248900, at *2 (quoting *Fisher*, 948 F.3d at 606); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 ("[T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's [] counsel[], the resource required to prosecute the case effectively[], the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono*[], and other returns (such as reputation, etc.) that attorney might expect from the representation."). "[T]he court must 'evaluate the reasonableness of the requested attorneys' fees and costs without using proportionality as an outcome determinative factor.'" *Id.* (quoting *Fisher*, 948 F.3d at 606). "'The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.'" *Id.* (quoting *Fisher*, 948 F.3d at 606).

### III. The Settlement Is Fair and Reasonable

The Settlement Agreement is attached hereto. *See* Ex. 1.

Plaintiffs' range of possible recovery under the NYLL,[1] before prejudgment interest, was between $0.00 and $663,050.26 (*see* Dkt. No. 98-1, post-discovery computation of damages filed

---

[1] "[Plaintiffs] may not recover under both [the FLSA and the NYLL] for the same injury. [They] may, however, elect to recover damages under the statute that provides for greater recovery." *Cordova v. D&D Rest., Inc.*, No. 14-cv-08789 (CS) (LMS), 2015 U.S. Dist. LEXIS 145431, 2015 WL 6681099, at *5 (S.D.N.Y. Oct. 7, 2015). The NYLL provides for greater recovery with its higher minimum wage (*c.f.* 29 U.S.C. § 203; N.Y. Lab. L. § 652; 12 N.Y.C.R.R. § 146-1.2), longer statute of limitations (*c.f.* 29 U.S.C. § 255; N.Y. Lab. L. §§ 198.3, 663.3 ), wage notice damages which are not found in the FLSA (*see* N.Y. Lab. L. §§ 198.1-b, 198.1-d), and treatment of liquidated damages as punitive, making prejudgment interest available, while the FLSA treats its liquidated damages as prejudgment interest

with proposed pretrial order). Of the $663,050.26, $264,225.13 was attributed to unpaid wages, with the remainder being attributed to liquidated damages and wage notice and wage statement damages. Plaintiffs' recovery under the settlement agreement of $199,159.12, amounting to two thirds of the total settlement amount minus litigation expenses, represents a 30.04% recovery of the total calculated damages and a 75.37% recovery of the calculated unpaid wages. This percentage is reasonable, given Plaintiffs' potential obstacles to recovery. *See*, *e.g. Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-09632, 2019 U.S. Dist. LEXIS 12760, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable).

The parties had completed discovery and were about to try this matter before settling, but the settlement still permits the Parties and the Court to avoid a lengthy, costly, and risky jury trial, as well as a potential appeal stemming from a judgment of this matter. *See Muniz v. Re Sepc Corp.*, No. 16-cv-02878 (BCM), 2018 U.S. Dist. LEXIS 40353, at *6 (S.D.N.Y. Mar. 9, 2018) (approving a "settlement [reached] on the eve of trial" because, among other things, "settlement prior to trial conserves judicial resources and permits all parties to avoid the anticipated burdens and expenses of litigation."); *see also Chang v. CK Tours, Inc.*, No. 18-cv-06174 (PAC), 2022 U.S. Dist. LEXIS 100943, 2022 WL 1963663, at *3, (S.D.N.Y. June 6, 2022).

Settling Defendants claim that the evidence shows that Plaintiffs were paid properly at all times, and that they were not Plaintiffs' employers for some or all of their respective work periods. The litigation risks at trial were considerable, with both sides presenting voluminous exhibits and extensive testimony the credibility of which the Court would have needed to evaluate. Neither side was assured of an outcome in its favor.

Settlement negotiations were conducted at arm's length between experienced counsel, at first in the vestibule outside the courtroom, and then with the parties in separate rooms and with the Court facilitating settlement discussions in the manner of a settlement conference to reach a settlement in principle, which was placed on the record. Subsequent settlement negotiations to arrive at a written settlement agreement were conducted between counsel by email. There was no possibility of fraud or collusion.

Accordingly, the settlement agreement should be approved.

### IV. Plaintiffs' Attorneys' Fees and Costs Should Be Approved

Plaintiffs' Counsels' contemporaneous time and billing records with itemized costs list is attached. *See* Ex. 2.

The fee lodestar of $126,780.50 is based on:

---

(*see Elisama v. Ghzali Gourmet Deli, Inc.*, No. , 2016 U.S. Dist. LEXIS 58833, 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016)).

Hon. Robert W. Lehrburger, U.S.M.J.
September 26, 2022
*Geng v. Shu Han Ju Restaurant II Corp*, No. 18-cv-12220 (RWL) (S.D.N.Y.)
Page 4 of 5

- 56.37 hours billed by partner John Troy at a rate of $650.00 per hour;
- 172.84 hours billed by senior associate and trial counsel Aaron B. Schweitzer at a rate of $400.00 per hour (and 0.50 hours travelling to and from court appearances billed by Aaron B. Schweitzer at a rate of $200.00 per hour);
- 27.44 hours billed by junior associate Tiffany Troy at a rate of $250.00 per hour; and
- 70.72 hours billed by paralegal Preethi Kilaru at a rate of $200.00 per hour.

These hourly rates are reasonable given the experience of counsel and prior awards. *See*, *e.g.*, *Lu v. Golden Fortune Rest. Inc.*, No. 656927/2019 (Sup. Ct. New York Cnty. Apr. 27, 2022) (Order on the record by the Hon. James D.Auguste granting $600.00 to Mr. Troy, $400.00 to Mr. Schweitzer, $200.00 to Ms Kilaru, and $150.00 to Ms Troy (for her work as a paralegal before admission as an attorney)); *Xu v. Kealoha Sushi Inc.*, No. 19-cv-01185 (PAE) (SDA), Dkt. No. 87 (S.D.N.Y. Aug. 24, 2021) (awarding Mr. Troy $550.00 per hour, Mr. Schweitzer $350.00 per hour, junior associate Leanghour Lim $250.00 per hour, and Ms Kilaru $200.00 per hour); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), Dkt. No. 125 (S.D.N.Y. May 21, 2021) (awarding $550.00 to Mr. Troy, $350.00 to Mr. Schweitzer and another senior associate, $200.00 to Ms Kilaru, and $150.00 to Ms Troy (for her work as a paralegal before admission as an attorney)) (citing *Hu v. 226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 WL 6324090, at *8 (S.D.N.Y. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020)).

The fee recovery of $99,579.56 provided for in the settlement agreement amounts to a percent recovery of 78.54% on the lodestar, which is roughly proportional to the Plaintiffs' percent recovery on their unpaid wages (75.37%). Plaintiffs were successful on the only substantive motion brought: successfully obtaining conditional collective certification and fifteen opt-ins, who were not dismissed as dissimilarly situated.

Plaintiffs' itemized costs are for filing fees, printing costs, process service fees, postage (for discovery demands and collective notices), and interpreter costs (for deposition, for trial preparation, and for the single trial day). These costs are of the type and magnitude that are routinely awarded. *See*, *e.g.*, *Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391, at *8–9 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.*, No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, 2009 WL 77876, at *10 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992, 2009 WL 77876 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Accordingly, the fees and costs provided for in the settlement agreement should be approved.

We thank the Court for its attention to and consideration of this matter.

Hon. Robert W. Lehrburger, U.S.M.J.
September 26, 2022
*Geng v. Shu Han Ju Restaurant II Corp*, No. 18-cv-12220 (RWL) (S.D.N.Y.)
Page 5 of 5

                                                        TROY LAW, PLLC

                                                        */s/ Aaron B. Schweitzer*
                                                        Aaron B. Schweitzer
                                                        41-25 Kissena Boulevard
                                                        Suite 103
                                                        Flushing, NY 11355
                                                        (718) 762-1324
                                                        troylaw@troypllc.com
                                                        *Attorney for Plaintiffs*

cc: via ECF
    all counsel of record
    /asb